8-18-06; 8:42AM;

Charles R. Virginia (CV 8214)
BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC
111 Broadway, 14th Floor
New York, New York 10006
(212) 943-9080
Attorneys for Plaintiffs

**RECEIVED**

AUG 1 7 2006

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

PAT ANGELO, JOSEPH DEVITA, ROBERT GARIEPY, JOSEPH PUZIO III, JOHN F. CAPO, STEPHEN DOHERTY, WILLIAM DERENZIS, JEFFREY DUFFY, as Trustees of the B.A.C. LOCAL 4 PENSION AND ANNUITY FUNDS, MICHAEL PETERSON, RUDOLPH RICCIARDI, ROBERT EPIFANO, JOSEPH SPERANZA, JR., MICHAEL SCHMERBECK, JACK KOCSIS, KENNETH SIMONE, JOHN F. CAPO, STEVE DOHERTY, DONALD ENGELHARDT, DIETER RUACH, RICHARD TOLSON, as Trustees of the NEW JERSEY B.A.C. HEALTH FUND, ROBERT GARIEPY, JAMES R. PRISCO, JR., RUDOLPH RICCIARDI, JOSEPH SPERANZA, JR., JOHN F. CAPO, JEFFREY DUFFY, DONALD ENGELHARDT AND LEON JONES, JR., as Trustees of the NEW JERSEY BM&P APPRENTICE AND EDUCATION FUND, JOHN J. FLYNN, KENNETH LAMBERT, JAMES BOLAND, GERALD O'MALLEY, JOSEPH BRAMLETT, PAUL SONGER, CHARLES VELARDO, EUGENE GEORGE, MATTHEW AQUILINE, GERALD SCARANO, MICHAEL SCHMERBECK, BEN CAPP, GREGORY HESS and VINCENT DELAZZERO, as Trustees of the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION, HEALTH AND ANNUITY FUNDS and JOHN F. CAPO, as Business Manager of B.A.C. LOCAL NO. 4 NEW JERSEY,

Plaintiffs,

-against-

BELMONT CONTRACTING CORP.,

Defendant.

06 Civ. 3924
(HAA)

**COMPLAINT**

Plaintiffs, by and through their attorneys, Barnes, Iaccarino, Virginia, Ambinder

& Shepherd, PLLC, as and for their complaint, respectfully allege as follows:

Charles R. Virginia (CV 8214)
BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC
111 Broadway, 14th Floor
New York, New York 10006
(212) 943-9080
Attorneys for Plaintiffs

**RECEIVED**

AUG 1 7 2006

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAT ANGELO, JOSEPH DEVITA, ROBERT GARIEPY, JOSEPH PUZIO III, JOHN F. CAPO, STEPHEN DOHERTY, WILLIAM DERENZIS, JEFFREY DUFFY, as Trustees of the B.A.C. LOCAL 4 PENSION AND ANNUITY FUNDS, MICHAEL PETERSON, RUDOLPH RICCIARDI, ROBERT EPIFANO, JOSEPH SPERANZA, JR., MICHAEL SCHMERBECK, JACK KOCSIS, KENNETH SIMONE, JOHN F. CAPO, STEVE DOHERTY, DONALD ENGELHARDT, DIETER RUACH, RICHARD TOLSON, as Trustees of the NEW JERSEY B.A.C. HEALTH FUND, ROBERT GARIEPY, JAMES R. PRISCO, JR., RUDOLPH RICCIARDI, JOSEPH SPERANZA, JR., JOHN F. CAPO, JEFFREY DUFFY, DONALD ENGELHARDT AND LEON JONES, JR., as Trustees of the NEW JERSEY BM&P APPRENTICE AND EDUCATION FUND, JOHN J. FLYNN, KENNETH LAMBERT, JAMES BOLAND, GERALD O'MALLEY, JOSEPH BRAMLETT, PAUL SONGER, CHARLES VELARDO, EUGENE GEORGE, MATTHEW AQUILINE, GERALD SCARANO, MICHAEL SCHMERBECK, BEN CAPP, GREGORY HESS and VINCENT DELAZZERO, as Trustees of the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION, HEALTH AND ANNUITY FUNDS and JOHN F. CAPO, as Business Manager of B.A.C. LOCAL NO. 4 NEW JERSEY, | 06 Civ.<br><br>**COMPLAINT** |
| Plaintiffs, | |
| -against- | |
| BELMONT CONTRACTING CORP., | |
| Defendant. | |

Plaintiffs, by and through their attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, as and for their complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185 ("Taft-Hartley Act"), by multiemployer welfare, pension and annuity benefit funds through their respective Boards of Trustees, and by a union through its President, for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and/or reports to the Funds and remit dues checkoffs and other contributions deducted from the wages paid to employees who authorize said deductions in writing to the union. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and reports to the Funds and to remit dues checkoffs and other contributions to the union when due, defendants violated their collective bargaining agreements with the union and the respective trust agreements with the funds, as well as committed violations of ERISA.

## JURISDICTION

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 185 and 29 U.S.C. § 1132(e)(1). Venue is proper in this district pursuant to 28 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(a).

## THE PARTIES

3.     Plaintiffs Pat Angelo, Joseph DeVita, Robert Gariepy, Joseph Puzio III, John F. Capo, Stephen Doherty, William DeRenzis and Jeffrey Duffy are the employer and employee trustees of the B.A.C. Local 4 Pension and Annuity Funds (hereinafter the "Local 4 Pension and Annuity Funds"). The Local 4 Pension and Annuity Funds are multi-employer, labor-management trust funds, organized and operated pursuant to various collective bargaining agreements in accordance with section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Local 4 Pension and Annuity Funds are employee benefit plans within the meaning of sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Local 4 Pension and Annuity Funds maintain their principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

4.     Michael Peterson, Rudolph Ricciardi, Robert Epifano, Joseph Speranza, Jr., Michael Schmerbeck, Jack Kocsis, Kenneth Simone, John F. Capo, Steve Doherty, Donald Engelhardt, Dieter Ruach and Richard Tolson are the employer and employee trustees of the New Jersey B.A.C. Health Fund (hereinafter the "N.J. BAC Health Fund"). The N.J. BAC Health Fund is a multi-employer, labor-management trust fund, organized and operated pursuant to various collective bargaining agreements in accordance with section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The N.J. BAC Health Fund is an employee welfare plan within the meaning of sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The N.J. BAC Health Fund maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

5.      Robert Gariepy, James R. Prisco, Jr., Rudolph Ricciardi, Joseph Speranza, Jr., John F. Capo, Jeffrey Duffy, Donald Engelhardt and Leon Jones, Jr. are the employer and employee trustees of the New Jersey BM&P Apprentice and Education Fund (hereinafter the "Apprentice Fund"). The Apprentice Fund is a multi-employer, labor-management trust fund, organized and operated pursuant to various collective bargaining agreements in accordance with section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Apprentice Fund is an employee benefit plan within the meaning of sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Apprentice Fund maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

6.      Plaintiffs John J. Flynn, Ken Lambert, James Boland, Gerald O'Malley, Joseph Bramlett, Paul Songer, Charles Velardo, Eugene George, Matthew Aquiline, Gerald Scarano, Michael Schmerbeck, Ben Capp, Gregory R. Hess and Vincent Delazzero are the employer and employee representatives and the trustees (hereinafter the "International Trustees") of the Bricklayers & Trowel Trades International Pension, Health and Annuity Funds (the "International Benefit Funds"). The International Benefit Funds are multi-employer, labor-management trust funds, organized and operated pursuant to various collective bargaining agreements in accordance with section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The International Benefit Funds are employee benefit plans within the meaning of sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The International Benefit Funds maintain their principal place of business at 1776 Eye Street, NW, Washington, D.C. 20006.

7.      Plaintiff John F. Capo is the Business Manager of B.A.C. Local No. 4 New Jersey (the "Union"), and brings this action for dues checkoffs and other contributions in his representative capacity. The Union is a labor organization within the meaning of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 thereof, 29 U.S.C. § 142, and section 3(4) of ERISA, 29 U.S.C. § 1002(4). The Union maintains its principal place of business at 14 Plog Road, Fairfield, New Jersey 07004.

8.      Upon information and belief, at all times relevant hereto, defendant Belmont Contracting Corp. ("Belmont") was and is a corporation doing business in the State of New Jersey as an employer within the meaning of sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. Belmont maintains its principal place of business at 11 Vreeland Lane, Cedar Grove, New Jersey 07009.

## BACKGROUND

9.      The plaintiffs Local 4 Pension and Annuity Funds, N.J. BAC Health Fund and Apprentice Fund (collectively, the "Local 4 Benefit Funds") and the International Benefit Funds collectively provide welfare, pension and annuity benefits to members of the Union.

10.      Defendant Belmont is signatory to the Collective Bargaining Agreement with the Union establishing the terms and conditions of employment for Belmont's employees working as bricklayers, cement masons, plasterers, pointer caulkers, cleaners, fire proofers, stone masons, brick pavers and exterior marble masons (hereinafter

"Covered Work") within the geographical jurisdiction of the Union.

11. Pursuant to the Collective Bargaining Agreement, defendant Belmont agreed to pay to the Plaintiff Funds fringe benefit contributions and to forward dues checkoffs for each hour worked by employees of defendant Belmont covered by the Collective Bargaining Agreement.

12. Defendant Belmont employed certain employees covered under the Collective Bargaining Agreement during this period and continuing.

13. Upon information and belief, Belmont has not fulfilled its statutory and contractual obligations to pay the required fringe benefit contributions to the Funds and to remit dues checkoffs and other contributions deducted from the wages paid to employees who perform work covered by the Collective Bargaining Agreement.

14. Based on shop steward reports, Belmont has failed to pay: (1) benefit contributions to the Local 4 Benefit Funds in the amount of $59,526.20, benefit contributions to the International Benefit Funds in the amount of $8,117.21, and dues checkoffs to the Union in the amount of $7,201.79 for work performed at the Ball Street project, located in Irvington, New Jersey, for general contractor Chanree during the period April 18, 2006 through June 27, 2006, (2) benefit contributions to the Local 4 Benefit Funds in the amount of $66,499.24, benefit contributions to the International Benefit Funds in the amount of $9,068.08, and dues checkoffs to the Union in the amount of $8,164.68 for work performed at King George Road, located in Warrenville, New Jersey, for general contractor Delric during the period March 21, 2006 through April 26, 2006, (3) benefit contributions to the Local 4 Benefit Funds in the amount of $43,866.69, benefit contributions to the International Benefit Funds in the amount of

$5,981.82, and dues checkoffs to the Union in the amount of $5,400.62 for work performed at the Fairlawn High School project for general contractor Chanree during the period March 7, 2006 through June 27, 2006, (4) benefit contributions to the Local 4 Benefit Funds in the amount of $7,375.10, benefit contributions to the International Benefit Funds in the amount of $1,005.70, and dues checkoffs to the Union in the amount of $898.56 for work performed at the Performing Art Center project, located in South Orange, New Jersey, for general contractor Arnel during the period April 27, 2006 through June 2, 2006, (5) benefit contributions to the Local 4 Benefit Funds in the amount of $21,083.92, benefit contributions to the International Benefit Funds in the amount of $2,875.08, and dues checkoffs to the Union in the amount of $2,616.72 for work performed at the Franklin School project for general contractor Chanree during the period June 1, 2006 through June 29, 2006, and (6) benefit contributions to the Local 4 Benefit Funds in the amount of $3,021.74, benefit contributions to the International Benefit Funds in the amount of $412.06, and dues checkoffs to the Union in the amount of $376.44 for work performed at the Bernardsville project for general contractor Chanree during the period March 1, 2006 through May 13, 2006.

## FIRST CLAIM FOR RELIEF

15. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 14 hereof.

16. As a result of work performed by individual employees of defendant Belmont, pursuant to the Collective Bargaining Agreement, there became due and owing to plaintiffs Local 4 Benefit Funds from defendant Belmont fringe benefit contributions in the amount of $59,526.20 for work performed at the Ball Street project, located in

Irvington, New Jersey, for general contractor Chanree during the period April 18, 2006 through June 27, 2006.

17. This failure, refusal or neglect of defendant Belmont to make the required contributions to plaintiffs Local 4 Benefit Funds constitutes a violation of the Collective Bargaining Agreement between defendant Belmont and the Union with respect to which plaintiff Funds are third-party beneficiaries.

18. Pursuant to the Policy for Collection of Delinquent Contributions adopted by the trustees of the Local 4 Benefit Funds, an employer that fails to make prompt and timely payment of fringe benefit contributions shall be subject to an interest charge at a rate of ten percent (10%) per annum of the amount owing, plus liquidated damages of twenty percent (20%) of the amount owing.

19. Accordingly, defendant Belmont is liable to plaintiffs Local 4 Benefit Funds as and for benefit contributions in the amount of $59,526.20 for work performed at the Ball Street project, located in Irvington, New Jersey, for general contractor Chanree during the period April 18, 2006 through June 27, 2006, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures.

## SECOND CLAIM FOR RELIEF

20. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 19 hereof.

21. As a result of work performed by individual employees of defendant Belmont, pursuant to the Collective Bargaining Agreement, there became due and owing

to plaintiffs Local 4 Benefit Funds from defendant Belmont fringe benefit contributions in the amount of $66,499.24 for work performed at King George Road, located in Warrenville, New Jersey, for general contractor Delric during the period March 21, 2006 through April 26, 2006.

22.    This failure, refusal or neglect of defendant Belmont to make the required contributions to plaintiffs Local 4 Benefit Funds constitutes a violation of the Collective Bargaining Agreement between defendant Belmont and the Union with respect to which plaintiff Funds are third-party beneficiaries.

23.    Pursuant to the Policy for Collection of Delinquent Contributions adopted by the trustees of the Local 4 Benefit Funds, an employer that fails to make prompt and timely payment of fringe benefit contributions shall be subject to an interest charge at a rate of ten percent (10%) per annum of the amount owing, plus liquidated damages of twenty percent (20%) of the amount owing.

24.    Accordingly, defendant Belmont is liable to plaintiffs Local 4 Benefit Funds as and for benefit contributions in the amount of $66,499.24 for work performed at King George Road, located in Warrenville, New Jersey, for general contractor Delric during the period March 21, 2006 through April 26, 2006, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures.

### THIRD CLAIM FOR RELIEF

25.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 24 hereof.

26. As a result of work performed by individual employees of defendant Belmont, pursuant to the Collective Bargaining Agreement, there became due and owing to plaintiffs Local 4 Benefit Funds from defendant Belmont fringe benefit contributions in the amount of $43,866.69 for work performed at the Fairlawn High School project for general contractor Chanree during the period March 7, 2006 through June 27, 2006.

27. This failure, refusal or neglect of defendant Belmont to make the required contributions to plaintiffs Local 4 Benefit Funds constitutes a violation of the Collective Bargaining Agreement between defendant Belmont and the Union with respect to which plaintiff Funds are third-party beneficiaries.

28. Pursuant to the Policy for Collection of Delinquent Contributions adopted by the trustees of the Local 4 Benefit Funds, an employer that fails to make prompt and timely payment of fringe benefit contributions shall be subject to an interest charge at a rate of ten percent (10%) per annum of the amount owing, plus liquidated damages of twenty percent (20%) of the amount owing.

29. Accordingly, defendant Belmont is liable to plaintiffs Local 4 Benefit Funds as and for benefit contributions in the amount of $43,866.69 for work performed at the Fairlawn High School project for general contractor Chanree during the period March 7, 2006 through June 27, 2006, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures.

### FOURTH CLAIM FOR RELIEF

30. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 29 hereof.

-10-

31.　As a result of work performed by individual employees of defendant Belmont, pursuant to the Collective Bargaining Agreement, there became due and owing to plaintiffs Local 4 Benefit Funds from defendant Belmont fringe benefit contributions in the amount of $7,375.10 for work performed at the Performing Art Center project, located in South Orange, New Jersey, for general contractor Arnel during the period April 27, 2006 through June 2, 2006.

32.　This failure, refusal or neglect of defendant Belmont to make the required contributions to plaintiffs Local 4 Benefit Funds constitutes a violation of the Collective Bargaining Agreement between defendant Belmont and the Union with respect to which plaintiff Funds are third-party beneficiaries.

33.　Pursuant to the Policy for Collection of Delinquent Contributions adopted by the trustees of the Local 4 Benefit Funds, an employer that fails to make prompt and timely payment of fringe benefit contributions shall be subject to an interest charge at a rate of ten percent (10%) per annum of the amount owing, plus liquidated damages of twenty percent (20%) of the amount owing.

34.　Accordingly, defendant Belmont is liable to plaintiffs Local 4 Benefit Funds as and for benefit contributions in the amount of $7,375.10 for work performed at the Performing Art Center project, located in South Orange, New Jersey, for general contractor Arnel during the period April 27, 2006 through June 2, 2006, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures.

## FIFTH CLAIM FOR RELIEF

35.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 34 hereof.

36.     As a result of work performed by individual employees of defendant Belmont, pursuant to the Collective Bargaining Agreement, there became due and owing to plaintiffs Local 4 Benefit Funds from defendant Belmont fringe benefit contributions in the amount of $21,083.92 for work performed at the Franklin School project for general contractor Chanree during the period June 1, 2006 through June 29, 2006.

37.     This failure, refusal or neglect of defendant Belmont to make the required contributions to plaintiffs Local 4 Benefit Funds constitutes a violation of the Collective Bargaining Agreement between defendant Belmont and the Union with respect to which plaintiff Funds are third-party beneficiaries.

38.     Pursuant to the Policy for Collection of Delinquent Contributions adopted by the trustees of the Local 4 Benefit Funds, an employer that fails to make prompt and timely payment of fringe benefit contributions shall be subject to an interest charge at a rate of ten percent (10%) per annum of the amount owing, plus liquidated damages of twenty percent (20%) of the amount owing.

39.     Accordingly, defendant Belmont is liable to plaintiffs Local 4 Benefit Funds as and for benefit contributions in the amount of $21,083.92 for work performed at the Franklin School project for general contractor Chanree during the period June 1, 2006 through June 29, 2006, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures.

## SIXTH CLAIM FOR RELIEF

40. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 39 hereof.

41. As a result of work performed by individual employees of defendant Belmont, pursuant to the Collective Bargaining Agreement, there became due and owing to plaintiffs Local 4 Benefit Funds from defendant Belmont fringe benefit contributions in the amount of $3,021.74 for work performed at the Bernardsville project for general contractor Chanree during the period March 1, 2006 through May 13, 2006.

42. This failure, refusal or neglect of defendant Belmont to make the required contributions to plaintiffs Local 4 Benefit Funds constitutes a violation of the Collective Bargaining Agreement between defendant Belmont and the Union with respect to which plaintiff Funds are third-party beneficiaries.

43. Pursuant to the Policy for Collection of Delinquent Contributions adopted by the trustees of the Local 4 Benefit Funds, an employer that fails to make prompt and timely payment of fringe benefit contributions shall be subject to an interest charge at a rate of ten percent (10%) per annum of the amount owing, plus liquidated damages of twenty percent (20%) of the amount owing.

44. Accordingly, defendant Belmont is liable to plaintiffs Local 4 Benefit Funds as and for benefit contributions in the amount of $3,021.74 for work performed at the Bernardsville project for general contractor Chanree during the period March 1, 2006 through May 13, 2006, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures.

### SEVENTH CLAIM FOR RELIEF

45.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 44 hereof.

46.     As a result of work performed by individual employees of defendant Belmont, pursuant to the Collective Bargaining Agreement, there became due and owing to plaintiffs International Benefit Funds from defendant Belmont fringe benefit contributions in the amount of $8,117.21 for work performed at the Ball Street project, located in Irvington, New Jersey, for general contractor Chanree during the period April 18, 2006 through June 27, 2006.

47.     This failure, refusal or neglect of defendant Belmont to make the required contributions to plaintiffs International Benefit Funds constitutes a violation of the Collective Bargaining Agreement between defendant Belmont and the Union with respect to which plaintiff Funds are third-party beneficiaries.

48.     Accordingly, defendant Belmont is liable to plaintiffs International Benefit Funds as and for benefit contributions in the amount of $8,117.21 for work performed at the Ball Street project, located in Irvington, New Jersey, for general contractor Chanree during the period April 18, 2006 through June 27, 2006, plus interest calculated at fifteen percent (15%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures.

## EIGHTH CLAIM FOR RELIEF

49.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 48 hereof.

50.     As a result of work performed by individual employees of defendant

Belmont, pursuant to the Collective Bargaining Agreement, there became due and owing to plaintiffs International Benefit Funds from defendant Belmont fringe benefit contributions in the amount of $9,068.08 for work performed at King George Road, located in Warrenville, New Jersey, for general contractor Delric during the period March 21, 2006 through April 26, 2006.

51.     This failure, refusal or neglect of defendant Belmont to make the required contributions to plaintiffs International Benefit Funds constitutes a violation of the Collective Bargaining Agreement between defendant Belmont and the Union with respect to which plaintiff Funds are third-party beneficiaries.

52.     Accordingly, defendant Belmont is liable to plaintiffs International Benefit Funds as and for benefit contributions in the amount of $9,068.08 for work performed at King George Road, located in Warrenville, New Jersey, for general contractor Delric during the period March 21, 2006 through April 26, 2006, plus interest calculated at fifteen percent (15%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures.

## NINTH CLAIM FOR RELIEF

53.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 52 hereof.

54.     As a result of work performed by individual employees of defendant Belmont, pursuant to the Collective Bargaining Agreement, there became due and owing to plaintiffs International Benefit Funds from defendant Belmont fringe benefit contributions in the amount of $5,981.82 for work performed at the Fairlawn High School

project for general contractor Chanree during the period March 7, 2006 through June 27, 2006.

55.     This failure, refusal or neglect of defendant Belmont to make the required contributions to plaintiffs International Benefit Funds constitutes a violation of the Collective Bargaining Agreement between defendant Belmont and the Union with respect to which plaintiff Funds are third-party beneficiaries.

56.     Accordingly, defendant Belmont is liable to plaintiffs International Benefit Funds as and for benefit contributions in the amount of $5,981.82 for work performed at the Fairlawn High School project for general contractor Chanree during the period March 7, 2006 through June 27, 2006, plus interest calculated at fifteen percent (15%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures.

## TENTH CLAIM FOR RELIEF

57.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 56 hereof.

58.     As a result of work performed by individual employees of defendant Belmont, pursuant to the Collective Bargaining Agreement, there became due and owing to plaintiffs International Benefit Funds from defendant Belmont fringe benefit contributions in the amount of $1,005.70 for work performed at the Performing Art Center project, located in South Orange, New Jersey, for general contractor Arnel during the period April 27, 2006 through June 2, 2006.

59.     This failure, refusal or neglect of defendant Belmont to make the required contributions to plaintiffs International Benefit Funds constitutes a violation of the

-16-

Collective Bargaining Agreement between defendant Belmont and the Union with respect to which plaintiff Funds are third-party beneficiaries.

60.    Accordingly, defendant Belmont is liable to plaintiffs International Benefit Funds as and for benefit contributions in the amount of $1,005.70 for work performed at the Performing Art Center project, located in South Orange, New Jersey, for general contractor Arnel during the period April 27, 2006 through June 2, 2006, plus interest calculated at fifteen percent (15%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures.

## ELEVENTH CLAIM FOR RELIEF

61.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 60 hereof.

62.    As a result of work performed by individual employees of defendant Belmont, pursuant to the Collective Bargaining Agreement, there became due and owing to plaintiffs International Benefit Funds from defendant Belmont fringe benefit contributions in the amount of $2,875.08 for work performed at the Franklin School project for general contractor Chanree during the period June 1, 2006 through June 29, 2006.

63.    This failure, refusal or neglect of defendant Belmont to make the required contributions to plaintiffs International Benefit Funds constitutes a violation of the Collective Bargaining Agreement between defendant Belmont and the Union with respect to which plaintiff Funds are third-party beneficiaries.

64.    Accordingly, defendant Belmont is liable to plaintiffs International Benefit

Funds as and for benefit contributions in the amount of $2,875.08 for work performed at the Franklin School project for general contractor Chanree during the period June 1, 2006 through June 29, 2006, plus interest calculated at fifteen percent (15%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures.

## TWELFTH CLAIM FOR RELIEF

65.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 64 hereof.

66.    As a result of work performed by individual employees of defendant Belmont, pursuant to the Collective Bargaining Agreement, there became due and owing to plaintiffs International Benefit Funds from defendant Belmont fringe benefit contributions in the amount of $412.06 for work performed at the Bernardsville project for general contractor Chanree during the period March 1, 2006 through May 13, 2006.

67.    This failure, refusal or neglect of defendant Belmont to make the required contributions to plaintiffs International Benefit Funds constitutes a violation of the Collective Bargaining Agreement between defendant Belmont and the Union with respect to which plaintiff Funds are third-party beneficiaries.

68.    Accordingly, defendant Belmont is liable to plaintiffs International Benefit Funds as and for benefit contributions in the amount of $412.06 for work performed at the Bernardsville project for general contractor Chanree during the period March 1, 2006 through May 13, 2006, plus interest calculated at fifteen percent (15%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures.

## THIRTEENTH CLAIM FOR RELIEF

69.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 68 hereof.

70.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

71.     Upon information and belief, defendant Belmont, by the terms of the Collective Bargaining Agreement, failed to pay and submit the required monetary contributions and reports to the Local 4 Benefit Funds due as a result of Covered Work performed by individual employees of defendant Belmont. Such failure to make payment and submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

72.     Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

73.     Accordingly, defendant Belmont is liable to the Local 4 Benefit Funds for the payment and submission of the required monetary contributions and reports to the Local 4 Benefit Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid

principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132).

### FOURTEENTH CLAIM FOR RELIEF

74.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 73 hereof.

75.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

76.     Upon information and belief, at all times material hereto, defendant Belmont, by the terms of the Collective Bargaining Agreement, failed to pay and submit the required monetary contributions and reports to the International Benefit Funds due as a result of work performed by individual employees of defendant Belmont.  Such failure to make payment and submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

77.     Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

78.     Accordingly, defendant Belmont is liable to the International Benefit Funds for the payment and submission of the required monetary contributions and reports

to the International Benefit Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132).

## FIFTEENTH CLAIM FOR RELIEF

79.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 78 hereof.

80.    Pursuant to the Collective Bargaining Agreement, defendant Belmont, *inter alia*, became obligated to deduct dues checkoffs from the wages paid to the employees of defendant Belmont performing Covered Work who authorized such deduction in writing.

81.    Upon information and belief, pursuant to the Collective Bargaining Agreement, and as a result of work performed by individual employees of defendant Belmont who authorized said deduction in writing, defendant Belmont deducted as and for dues checkoffs the amount of $7,201.79 for work performed at the Ball Street project, located in Irvington, New Jersey, for general contractor Chanree during the period April 18, 2006 through June 27, 2006.

82.    No part of the dues checkoffs contractually due the plaintiff Union has been remitted by defendant Belmont to plaintiff Union, although all unremitted dues checkoffs have been duly demanded, and the sum of $7,201.79 remains unpaid.

83.    Accordingly, defendant Belmont is liable to plaintiff Union as and for unremitted dues in the amount of $7,201.79 for work performed at the Ball Street project, located in Irvington, New Jersey, for general contractor Chanree during the period April 18, 2006 through June 27, 2006.

## SIXTEENTH CLAIM FOR RELIEF

84. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 83 hereof.

85. Pursuant to the Collective Bargaining Agreement, defendant Belmont, *inter alia,* became obligated to deduct dues checkoffs from the wages paid to the employees of defendant Belmont performing Covered Work who authorized such deduction in writing.

86. Upon information and belief, pursuant to the Collective Bargaining Agreement, and as a result of work performed by individual employees of defendant Belmont who authorized said deduction in writing, defendant Belmont deducted as and for dues checkoffs the amount of $8,164.68 for work performed at King George Road, located in Warrenville, New Jersey, for general contractor Delric during the period March 21, 2006 through April 26, 2006.

87. No part of the dues checkoffs contractually due the plaintiff Union has been remitted by defendant Belmont to plaintiff Union, although all unremitted dues checkoffs have been duly demanded, and the sum of $8,164.68 remains unpaid.

88. Accordingly, defendant Belmont is liable to plaintiff Union as and for unremitted dues in the amount of $8,164.68 for work performed at King George Road, located in Warrenville, New Jersey, for general contractor Delric during the period March 21, 2006 through April 26, 2006.

## SEVENTEENTH CLAIM FOR RELIEF

89. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 88 hereof.

90. Pursuant to the Collective Bargaining Agreement, defendant Belmont, *inter alia*, became obligated to deduct dues checkoffs from the wages paid to the employees of defendant Belmont performing Covered Work who authorized such deduction in writing.

91. Upon information and belief, pursuant to the Collective Bargaining Agreement, and as a result of work performed by individual employees of defendant Belmont who authorized said deduction in writing, defendant Belmont deducted as and for dues checkoffs the amount of $5,400.62 for work performed at the Fairlawn High School project for general contractor Chanree during the period March 7, 2006 through June 27, 2006.

92. No part of the dues checkoffs contractually due the plaintiff Union has been remitted by defendant Belmont to plaintiff Union, although all unremitted dues checkoffs have been duly demanded, and the sum of $5,400.62 remains unpaid.

93. Accordingly, defendant Belmont is liable to plaintiff Union as and for unremitted dues in the amount of $5,400.62 for work performed at the Fairlawn High School project for general contractor Chanree during the period March 7, 2006 through June 27, 2006.

### EIGHTEENTH CLAIM FOR RELIEF

94. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 93 hereof.

95. Pursuant to the Collective Bargaining Agreement, defendant Belmont, *inter alia*, became obligated to deduct dues checkoffs from the wages paid to the employees of defendant Belmont performing Covered Work who authorized such deduction in writing.

96.     Upon information and belief, pursuant to the Collective Bargaining Agreement, and as a result of work performed by individual employees of defendant Belmont who authorized said deduction in writing, defendant Belmont deducted as and for dues checkoffs the amount of $898.56 for work performed at the Performing Art Center project, located in South Orange, New Jersey, for general contractor Arnel during the period April 27, 2006 through June 2, 2006.

97.     No part of the dues checkoffs contractually due the plaintiff Union has been remitted by defendant Belmont to plaintiff Union, although all unremitted dues checkoffs have been duly demanded, and the sum of $898.56 remains unpaid.

98.     Accordingly, defendant Belmont is liable to plaintiff Union as and for unremitted dues in the amount of $898.56 for work performed at the Performing Art Center project, located in South Orange, New Jersey, for general contractor Arnel during the period April 27, 2006 through June 2, 2006.

## NINETEENTH CLAIM FOR RELIEF

99.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 98 hereof.

100.    Pursuant to the Collective Bargaining Agreement, defendant Belmont, *inter alia*, became obligated to deduct dues checkoffs from the wages paid to the employees of defendant Belmont performing Covered Work who authorized such deduction in writing.

101.    Upon information and belief, pursuant to the Collective Bargaining Agreement, and as a result of work performed by individual employees of defendant Belmont who authorized said deduction in writing, defendant Belmont deducted as and for dues checkoffs the amount of $2,616.72 for work performed at the Franklin School

project for general contractor Chanree during the period June 1, 2006 through June 29, 2006.

102. No part of the dues checkoffs contractually due the plaintiff Union has been remitted by defendant Belmont to plaintiff Union, although all unremitted dues checkoffs have been duly demanded, and the sum of $2,616.72 remains unpaid.

103. Accordingly, defendant Belmont is liable to plaintiff Union as and for unremitted dues in the amount of $2,616.72 for work performed at the Franklin School project for general contractor Chanree during the period June 1, 2006 through June 29, 2006.

**TWENTIETH CLAIM FOR RELIEF**

104. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 103 hereof.

105. Pursuant to the Collective Bargaining Agreement, defendant Belmont, *inter alia*, became obligated to deduct dues checkoffs from the wages paid to the employees of defendant Belmont performing Covered Work who authorized such deduction in writing.

106. Upon information and belief, pursuant to the Collective Bargaining Agreement, and as a result of work performed by individual employees of defendant Belmont who authorized said deduction in writing, defendant Belmont deducted as and for dues checkoffs the amount of $376.44 for work performed at the Bernardsville project for general contractor Chanree during the period March 1, 2006 through May 13, 2006.

107.    No part of the dues checkoffs contractually due the plaintiff Union has been remitted by defendant Belmont to plaintiff Union, although all unremitted dues checkoffs have been duly demanded, and the sum of $376.44 remains unpaid.

108.    Accordingly, defendant Belmont is liable to plaintiff Union as and for unremitted dues in the amount of $376.44 for work performed at the Bernardsville project for general contractor Chanree during the period March 1, 2006 through May 13, 2006.

## TWENTY-FIRST CLAIM FOR RELIEF

109.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 108 hereof.

110.    Pursuant to the terms and conditions of the Collective Bargaining Agreement, defendant Belmont is required to timely pay and submit benefit contributions and reports to the plaintiffs Local 4 Benefit Funds and remit dues checkoffs for so long as defendant remains obligated to do so pursuant to the Collective Bargaining Agreement.

111.    Upon information and belief, defendant Belmont has failed to timely pay and submit benefit contributions to plaintiffs Local 4 Benefit Funds, remit dues checkoffs to the plaintiff Union, and is currently in breach of its obligations under the Collective Bargaining Agreement. Defendant's prior conduct demonstrates a significant likelihood that they will continue to breach the terms of the Collective Bargaining Agreement.

112.    Plaintiffs have no adequate remedy at law to insure that defendant will adhere to the terms of the Collective Bargaining Agreement.

113.    Plaintiffs Local 4 Benefit Funds will suffer immediate and irreparable injury unless defendant and its officers, agents, servants and employees are enjoined from

failing, refusing or neglecting to pay and/or submit the required monetary contributions and reports to plaintiffs Local 4 Benefit Funds for so long as defendant remains obligated to do so pursuant to the Collective Bargaining Agreement. Plaintiff Union will suffer immediate and irreparable injury unless defendant, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to remit dues checkoffs, for so long as they remain obligated to do so pursuant to the Collective Bargaining Agreement.

114. Accordingly, plaintiffs Local 4 Benefit Funds and the Union request that this Court issue an injunction permanently enjoining defendant, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to plaintiffs Local 4 Benefit Funds for the term of the Collective Bargaining Agreement. Plaintiff Union requests that this Court issue an injunction permanently enjoining defendant, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing, or neglecting to deduct and remit dues checkoffs for the term of the Collective Bargaining Agreement.

WHEREFORE,

(1) Plaintiffs Local 4 Benefit Funds demand judgment on their First Claim for Relief against Belmont as and for benefit contributions in the amount of $59,526.20 for work performed at the Ball Street project, located in Irvington, New Jersey, for general contractor Chanree during the period April 18, 2006 through June 27, 2006, plus interest

calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures;

     (2)    Plaintiffs Local 4 Benefit Funds demand judgment on their Second Claim for Relief against Belmont as and for benefit contributions in the amount of $66,499.24 for work performed at King George Road, located in Warrenville, New Jersey, for general contractor Delric during the period March 21, 2006 through April 26, 2006, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures;

     (3)    Plaintiffs Local 4 Benefit Funds demand judgment on their Third Claim for Relief against Belmont as and for benefit contributions in the amount of $43,866.69 for work performed at the Fairlawn High School project for general contractor Chanree during the period March 7, 2006 through June 27, 2006, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures;

     (4)    Plaintiffs Local 4 Benefit Funds demand judgment on their Fourth Claim for Relief against Belmont as and for benefit contributions in the amount of $7,375.10 for work performed at the Performing Art Center project, located in South Orange, New Jersey, for general contractor Arnel during the period April 27, 2006 through June 2, 2006, plus interest calculated at ten percent (10%) per annum, liquidated damages

calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures;

(5)     Plaintiffs Local 4 Benefit Funds demand judgment on their Fifth Claim for Relief against Belmont as and for benefit contributions in the amount of $21,083.92 for work performed at the Franklin School project for general contractor Chanree during the period June 1, 2006 through June 29, 2006, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures;

(6)     Plaintiffs Local 4 Benefit Funds demand judgment on their Sixth Claim for Relief against Belmont as and for benefit contributions in the amount of $3,021.74 for work performed at the Bernardsville project for general contractor Chanree during the period March 1, 2006 through May 13, 2006, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures;

(7)     Plaintiffs International Benefit Funds demand judgment on their Seventh Claim for Relief against Belmont as and for benefit contributions in the amount of $8,117.21 for work performed at the Ball Street project, located in Irvington, New Jersey, for general contractor Chanree during the period April 18, 2006 through June 27, 2006, plus interest calculated at fifteen percent (15%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures;

(8)     Plaintiffs International Benefit Funds demand judgment on their Eighth Claim for Relief against Belmont as and for benefit contributions in the amount of

$9,068.08 for work performed at King George Road, located in Warrenville, New Jersey, for general contractor Delric during the period March 21, 2006 through April 26, 2006, plus interest calculated at fifteen percent (15%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures;

(9)     Plaintiffs International Benefit Funds demand judgment on their Ninth Claim for Relief against Belmont as and for benefit contributions in the amount of $5,981.82 for work performed at the Fairlawn High School project for general contractor Chanree during the period March 7, 2006 through June 27, 2006, plus interest calculated at fifteen percent (15%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures;

(10)     Plaintiffs International Benefit Funds demand judgment on their Tenth Claim for Relief against Belmont as and for benefit contributions in the amount of $1,005.70 for work performed at the Performing Art Center project, located in South Orange, New Jersey, for general contractor Arnel during the period April 27, 2006 through June 2, 2006, plus interest calculated at fifteen percent (15%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures;

(11)     Plaintiffs International Benefit Funds demand judgment on their Eleventh Claim for Relief against Belmont as and for benefit contributions in the amount of $2,875.08 for work performed at the Franklin School project for general contractor Chanree during the period June 1, 2006 through June 29, 2006, plus interest calculated at

fifteen percent (15%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures;

(12)     Plaintiffs International Benefit Funds demand judgment on their Twelfth Claim for Relief against Belmont as and for benefit contributions in the amount of $412.06 for work performed at the Bernardsville project for general contractor Chanree during the period March 1, 2006 through May 13, 2006, plus interest calculated at fifteen percent (15%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures;

(13)     Plaintiffs Local 4 Benefit Funds demand judgment on their Thirteenth Claim for Relief against Belmont for the payment and submission of the required monetary contributions and reports, and for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132);

(14)     Plaintiffs International Benefit Funds demand judgment on their Fourteenth Claim for Relief against Belmont for the payment and submission of the required monetary contributions and reports, and for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132);

(15)   Plaintiff Union demands judgment on its Fifteenth Claim for Relief against Belmont as and for unremitted dues checkoffs in the amount of $7,201.79 for work performed at the Ball Street project, located in Irvington, New Jersey, for general contractor Chanree during the period April 18, 2006 through June 27, 2006;

(16)   Plaintiff Union demands judgment on its Sixteenth Claim for Relief against Belmont as and for unremitted dues checkoffs in the amount of $8,164.68 for work performed at King George Road, located in Warrenville, New Jersey, for general contractor Delric during the period March 21, 2006 through April 26, 2006;

(17)   Plaintiff Union demands judgment on its Seventeenth Claim for Relief against Belmont as and for unremitted dues checkoffs in the amount of $5,400.62 for work performed at the Fairlawn High School project for general contractor Chanree during the period March 7, 2006 through June 27, 2006;

(18)   Plaintiff Union demands judgment on its Eighteenth Claim for Relief against Belmont as and for unremitted dues checkoffs in the amount of $898.56 for work performed at the Performing Art Center project, located in South Orange, New Jersey, for general contractor Arnel during the period April 27, 2006 through June 2, 2006;

(19)   Plaintiff Union demands judgment on its Nineteenth Claim for Relief against Belmont as and for unremitted dues checkoffs in the amount of $2,616.72 for work performed at the Franklin School project for general contractor Chanree during the period June 1, 2006 through June 29, 2006;

(20)   Plaintiff Union demands judgment on its Twentieth Claim for Relief against Belmont as and for unremitted dues checkoffs in the amount of $376.44 for work

performed at the Bernardsville project for general contractor Chanree during the period March 1, 2006 through May 13, 2006;

(21)   Plaintiffs Local 4 Benefit Funds and the Union demand injunctive relief on their Twenty-First Claim for Relief against defendant Belmont permanently enjoining defendant, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to plaintiffs Local 4 Benefit Funds for the term of the Collective Bargaining Agreement.   Plaintiff Union further demands injunctive relief permanently enjoining defendant, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise from failing, refusing, or neglecting to deduct and remit dues checkoffs for the term of the Collective Bargaining Agreement; and

(22)   granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 16, 2006

                      BARNES, IACCARINO, VIRGINIA,
                      AMBINDER & SHEPHERD, PLLC

                      By:_____
                         Charles R. Virginia (CV 8214)
                      Trinity Centre
                      111 Broadway, Suite 1403
                      New York, New York 10006
                      (212) 943-9080
                      Attorneys for Plaintiffs